[No. 20767.  Department One.  March 16, 1928.]

WILLIAM NEFF, *Respondent*, v. JOHN W. WHITHAM,
*as Executor, Appellant.*[1]

[1] BROKERS (28, 33)—CONTRACT FOR COMPENSATION—EVIDENCE—
SUFFICIENCY. A judgment for a broker's commission for the
sale of mining stock on the basis of an express contract, in-
stead of on an alleged percentage basis, is sustained, where
there is no proof of a contract on a percentage basis.

[2] APPEAL (336)—RECORD—CONCLUSIVENESS. The record on appeal
must be accepted as certified by the trial court.

Appeal from a judgment of the superior court for
King county, Griffiths, J., entered May 14, 1927, upon
findings in favor of the plaintiff, in an action on con-
tract, tried to the court. Affirmed.

*John W. Whitham,* for appellant.

*R. J. Meakim,* for respondent.

MACKINTOSH, C. J.—The appellant is the executor of
the estate of John Krueger, who died in Seattle
on January 9, 1926, and the respondent Neff was an
employee in the cabinet works, or mill, of the de-
ceased. On July 21, 1926, Neff filed a claim against
the estate for "services for sale of stock $250," the
executor rejected it on August 2, 1926, and thereafter
Neff brought this action to recover the $250 from the
estate. From a judgment of the court allowing the re-
spondent recovery in the amount claimed, the executor
has appealed.

The finding and conclusion of the trial court excepted
to by the appellant are as follows:

"That during the month of July, 1925, at the special
instance and request of the deceased, the plaintiff
herein produced a purchaser for five thousand (5,000)
shares of certain capital stock of the Kaaba Mining

[1]Reported in 265 Pac. 462.

Company; that said purchaser purchased said shares and that in consideration of the services of the plaintiff the deceased agreed to pay to the plaintiff for said services the sum of two hundred fifty dollars ($250) and that said sum is still due, owing and unpaid.''

"That the plaintiff herein is entitled to a judgment against the defendant as executor in the amount of two hundred fifty dollars ($250) together with interest thereon at the rate of 6% per annum from January 9, 1926, and that said judgment is a valid claim against said estate.''

The record is brief and the evidence is contradictory.

Nearly all of the witnesses (even one for the appellant) testified to facts tending reasonably to show that during Krueger's lifetime the respondent had pressed his claim for compensation for his services in bringing about the transaction and that the deceased had recognized his obligation to pay it.

Evidence adduced by the respondent was to the effect that the amount of this compensation was understood by both parties to be $250.

[1] Assigning error, the appellant urges that this amount should have been reduced in any event; but the argument in support of such contention assumes an agreement by the deceased to pay the respondent a five per cent commission and states that the transaction was made on a land valuation of $1,750, it appearing that the purchaser traded certain Canadian land for the mining stock. As to the value of this land, the evidence was widely at variance—ranging from $5,000 to no value at all. Any claim of error in this connection must fall, however, for the reason that nowhere in the record is there anything indicating that the compensation sought by the respondent was earned on a percentage basis.

Nor could it avail the appellant, under the circumstances here, if the land were in fact worthless.

It is argued that the deceased was only one of four persons interested in the transaction; that he did not personally enter into the negotiations but that they were carried on by another one of the four. There is, however, evidence to the effect that the deceased did conduct negotiations. If these four persons acquired the stock, it seems obvious that they hoped to make a profit out of it, presumably by selling it, and the deceased certainly must have had a desire to interest prospective purchasers. And this case arose because, at the suggestion of the deceased, the respondent did procure for him a purchaser.

[2] It may be unfortunate for the appellant if, as he suggests, there is not a complete verbatim report of the trial, but he realizes that the record must be accepted here as certified to by the trial court.

Fully appreciating the appellant's statements regarding claims against estates in general, the record has been painstakingly examined, but in his opportunity to see and hear the witnesses the trial judge had an advantage which we do not have here, and his findings are, of course, entitled to much weight. We are unable to say that the testimony preponderates against them and therefore have no alternative than to affirm the judgment.

Judgment affirmed.

PARKER, MITCHELL, TOLMAN, and FRENCH, JJ., concur.